IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TRINA JOHNSON, as Next Friend of**
**T. J., a Minor**
                **Petitioners,**

VS.                                                                                                                     **CAUSE NO.** 1:20-cv-106-LG-RHW

**HARRISON COUNTY SCHOOL DISTRICT**

                **Respondents.**

**PETITION FOR DECLARATORY JUDGMENT UNDER 34 C.F.R. § 300 AGAINST**
**HARRISON COUNTY SCHOOL DISTRICT**
**(DECLARATORY RELIEF REQUESTED)**

**COME NOW,** Petitioners, TRINA JOHNSON, as Next Friend of T.J., a Minor, by and through counsel, to file this, their **PETITION FOR DECLARATORY JUDGMENT AND PERMANENT INJUNCTION AS UNDER 34 C.F.R. § 300 AGAINST HARRISON COUNTY SCHOOL DISTRICT,** pursuant to Rule 57 of the Federal Rules of Civil Procedure, and in support thereof, Petitioner would show unto the Court, the following:

**INTRODUCTION**

1. This is an action for declaratory and equitable relief. Petitioners T.J. and TRINA JOHNSON, (known collectively as "Petitioners") seek to enforce a settlement agreement between themselves and HARRISON COUNTY SCHOOL DISTRICT ("Respondents"). Pursuant to 20 U.S.C § 1415(f)(1)(B)(i), Respondents and Petitioners reached a settlement agreement in a resolution meeting before a due process hearing convened on October 16, 2019. Petitioners respectfully ask this Court to enforce that settlement agreement.

2. Respondents have failed to follow the provisions set forth within the settlement

agreement. Petitioners contend that this violation warrants the following relief: a declaratory judgment from this Court that requires enforcement of the settlement agreement pursuant to 34 C.F.R. § 300.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983 because this claim arises under the laws of the United States. Additionally, this Complaint is also brought under 28 U.S.C. § 1343(a)(3). This Court has supplemental jurisdiction in this matter and over all other state claims so related to claims in this action within such original jurisdiction such that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367. A settlement agreement made under 20 U.S.C § 1415(f)(1)(B)(i) is legally binding and enforceable in any state court of competent jurisdiction or in a district court of the United States. [1]

4. Venue is proper in this Court under either § 1391(b)(1) or (b)(3) and its sister subsections (c)(1) and (c)(2), respectively because the collective Respondents are all residents of the State of Mississippi, venue is proper, and the locus of contacts occurred within this State. Thus, this Court has personal jurisdiction over Respondents.

## PARTIES

5. Trina Johnson, as Next Friend of T.J., a Minor, are the Petitioners in this lawsuit. Petitioners have standing to challenge the Harrison County School District's (hereinafter "the District") actions because the District's failure to perform their duties under the settlement agreement caused an injury that is redressable by a favorable judicial decision. Parents have standing to challenge the school's actions when those actions directly affect the school children

---

[1] El Paso Indep. Sch. Dist. v. Richard R., 591 F.3d 417, 426 (5th Cir. 2009).

and their parents.[2]

6. The District and its agents are the Respondents in this lawsuit. The District is responsible for the organization and operation of the schools within its district. Miss. Code § 37-7-301. The District may be served with process upon its Superintendent, Roy Gill, at 11072 Highway 49, Gulfport, MS 39503.

## FACTS AND PROCEDURAL HISTORY

7. Respondents have not fulfilled the terms of the settlement agreement.

8. Respondents and Petitioners reached a settlement agreement before the scheduled due process hearing on October 16, 2019. The settlement agreement included the following provisions:

    a. The student, T.J., would continue to receive homebound services with the following additions: (1) she would receive 16 hours of compensatory services for reading and math; and, (2) she would receive one hour of additional reading intervention per week for 12 weeks.

    b. The District would pay for an assessment of T.J. at the Huntington Learning Center ("Huntington").

    c. The IEP Committee would reconvene within 30 days of receiving the Huntington assessment to reconsider the issues of placement and the least restrictive environment for learning.

    d. The parties would agree to deal with each other in good faith to honor the terms of this settlement. They further agreed to cooperate and communicate with respect to all matters, including scheduling and availability.

---

[2] Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 283 n.7 (5th Cir. 2001).

## COUNT I:  DECLARATORY RELIEF FOR THE VIOLATION UNDER IDEA LAW, 34 C.F.R. § 300

9. Respondents violated 34 C.F.R. § 300, which addresses assistance to states for the education of children with disabilities, by failing to perform their duties pursuant to the settlement agreement that was entered in to by the parties during a resolution meeting as described in 20 U.S.C. § 1415(f)(1)(B)(i). Student, T.J. did not fully receive the homebound services, which should have included 16 hours of compensatory services for reading and math and one hour of additional reading intervention. Although Respondents agreed to comply with the settlement agreement, they often failed to provide a good faith effort toward satisfying their duties under the settlement.

10. Where the parties have reached a settlement agreement as described in §1415(f)(1)(B)(i), the settlement agreement is enforceable in any state court of competent jurisdiction or in a district court of the United States.[3]

11. By reason of the foregoing, Petitioner seeks declaratory and injunctive relief under 34 C.F.R. § 300.320.

## LEGAL STANDARD

12. Pursuant to Rule 57 of the Federal Rules of Civil Procedure, Petitioner seeks to enforce the settlement agreement against Respondents.

13. Respondents have failed to fulfill the terms of the settlement agreement. Petitioners assert that there is a substantial likelihood of success that the entry of an injunction will prevent irreparable harm to them, that the benefit to Petitioners far outweighs any potential harm to Respondents, and lastly, the entry of an injunction is in the public interest.

14. Respondents should be temporarily, preliminarily, and ultimately permanently ordered

---

[3] *El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 426 (5th Cir. 2009).

to fulfill the requirements set forth in the settlement agreement.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Petitioners T.J. and Trina Johnson pray this Honorable Court:

1. Issue a declaratory judgment to enforce the settlement agreement in its entirety.

2. Issue a permanent injunction on Respondents' actions to ensure enforcement of the settlement agreement.

3. Order an expedited hearing of this action pursuant to Rule 57.

4. Provide any other relief that the Court deems just and adequate.

Respectfully submitted, this 16th day of March, 2020.

          **TRINA JOHNSON, as Next Friend of T.J., a Minor, PETITIONERS**

By: \_\_\_\_\_/s/ *Julian D. Miller*_____
      JULIAN D. MILLER, MSB #104377
      AMBER L. STEWART, MSB #105989
      FORMAN WATKINS & KRUTZ LLP
      210 EAST CAPITOL STREET, SUITE 2200
      JACKSON, MS 39201
      TELEPHONE: (601) 960-8601
      FACSIMILE: (601) 960-8610
      Julian.Miller@formanwatkins.com
      Amber.Stewart@formanwatkins.com